# THE ZUPPA FIRM PLLC

53 Herbert Street
Suite 1
Brooklyn, NY 11222
(718) 383-8812



RECEIVED
CHAMBERS OF
JUN 3 0 2008
JUDGE SCHEINDLIN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/08

June 30, 2008

**VIA FACSIMILE:** (212) 805-7920

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: AVA Acupuncture P.C. et al. v. State Farm Mutual Automobile Insurance Company et al.
Case No. 1:08-CV-05650-SAS

Dear Judge Scheindlin:

The undersigned is counsel for the Plaintiffs in the above captioned action.

**Purpose of Correspondence**

The purpose of this letter is:

1) To inform the Court that it is the Plaintiffs' strong intention to promptly file a motion to remand this case to the State Court.

2) To inform the Court that the undersigned counsel for the Plaintiffs in the above captioned case is not admitted to practice in federal courts. The undersigned will therefore proceed under Court Rule III(C) Pro Hac Vice Admission. The undersigned is on a short time schedule – 30 days from filing of the Notice of Removal – to file a Motion to Remand. As such the undersigned is requesting a clarification of what should be done in the event that there is an objection from one of the Defendants. It is the undersigned's belief that in such an event the undersigned should then promptly move for admission via the local rules of the Southern and Eastern District or, given the circumstances, said objection should be ignored.

*Mr. Zuppa is admitted pro. hac vice, at this time, solely for the purpose of filing a motion to remand. So ordered. [signature] USDJ 6/30/08*

One of the consequences of the fact that the undersigned is not admitted in federal court is that the undersigned cannot participate in Electronic Filing. I am informing the Court and all parties of this.

3) Although the undersigned does not technically have standing to ask for relief at this point the undersigned believes that the Plaintiffs who have essentially been left without counsel do have standing. With that being said the Plaintiffs request – and believe it is best for all concerned – that the federal court proceedings be stayed until a decision is rendered upon the Plaintiffs' Motion to Remand.

**Brief Background**

Plaintiffs' counsel first became aware of the June 23, 2008 filing of the Notice of Removal in this action on June 24, 2008 via a letter sent to this Court from Ms. Elizabeth Adels Esq. Ms. Adels' letter was forwarded to the undersigned via fax. Counsel being accustomed to the serve and file method of motion practice prevalent in State Court – except in Special Proceedings – attempted to get a copy of this Notice of Removal by calling various counsel who stated they would look for it or look into it. Ms. Adels was kind enough to give me the telephone number of the author who did not return my call.

Counsel aware of the 30 day time frame attempted to find the document on PACER and actually visited the Court, but the above efforts failed to produce the Notice of Removal.[1] The undersigned did receive the Notice of Removal on the late afternoon of Thursday June 26, 2008. Given the fact that the undersigned is not admitted to federal courts the four day time loss is a matter of some significance.

Of course it appears that the above procedure comports with 28 U.S.C.A. Section 1446, Procedure For Removal, Subsection (d). *Coletti v. Ovaltine Food Prods.*, 274 F.Supp. 719, 723 (D.P.R.1967) (holding that five day delay justifies remand) But see: *Barrett v. Southern Ry. Co.*, 68 F.R.D. 413, 422 (D.S.C.1975) (holding that notice accomplished seven days after filing of removal petition was prompt); *Alpena Power Co. v. Utility Workers Union of America, Local 286*, 674 F.Supp. 1286, 1287-88 (E.D.Mich.1987) (declaring a new rule that periods of eleven days are within the range of promptness, thereby providing "concrete parameters to define the previously amorphous concept of "prompt").

Given the above it is counsel's belief that the Class Action Fairness Act could also be called the "Stealth Removal Act" or much worse. Given the fact that many State Court actions are brought by attorneys who are not admitted in federal court one suggestion for amendment would be that the Plaintiffs' attorney – if not admitted in federal court – be deemed automatically admitted in the case subject to removal. This is especially true given the fact that the action subject to the removal may not belong in federal court in the first place. Furthermore, no judicial determination is made prior to the removal. As such, removal of State Court Class Actions can be used as a litigation tactic.

---

[1] Counsel was given guidance as to where to locate certain information about admission.

**Conclusion**

It is the Plaintiffs strong intention to promptly file a motion to remand this case to the State Court. The undersigned counsel for the Plaintiffs in the above captioned case is not admitted to practice in federal courts. The undersigned will therefore proceed under Court Rule III(C) Pro Hac Vice Admission. The undersigned is requesting a clarification of what should be done in the event that there is an objection from one of the Defendants. The undersigned cannot participate in Electronic Filing. Finally the Plaintiffs request that the federal court proceedings be stayed until a decision is rendered upon the Plaintiffs' Motion to Remand.

This letter will be mailed on July 1, 2008 via overnight mail to all the Defendants.

With Much Respect,

Raymond Zuppa

cc:   McDonnell & Adels, P.C.
      401 Franklin Avenue
      Garden City, New York 11530

      Office of the New York State Attorney General
      120 Broadway
      New York, NY 10271
      Attn: Elizabeth Pricket-Morgan Esq.
      Counsel for Defendant Eric R. Dinallo Superintendent of Insurance State of New York

      Cozen O'Connor
      Attorneys for the Defendants
      AutoOne Insurance Company
      General Assurance Company
      One Beacon Insurance Company
      1900 Market Street
      Philadelphia, PA 19103

      Melli, Guerin & Wall, P.C.
      240 Frisch Court, Suite 301
      Paramus, NJ 07652

      Katten Muchin & Roseman, LLP
      575 Madison Avenue
      New York, NY 10022-2585

Rivkin Radler, LLP
926 Rex Corp Plaza
Uniondale, NY 11556-0926

Iseman, Cunningham, Riester & Hyde, LLP
9 Thurlow Terrace
Albany, NY 12203

Wiley Rein, LLP
Attorneys for Defendant
National Insurance Crime Bureau
1776 K Street NW
Washington, DC 20006

Goldberg & Segalla, LLP
Attorneys for Defendant
State Farm Mutual Automobile Insurance Company
200 Old Country Road
Suite 210
Mineola, NY 11501