UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVA ACUPUNCTURE P.C. et al.,

                        Plaintiffs,                Index No. 08 CV 5650 (SAS)

        -against-

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY et al,

                        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF THE SUPERINTENDENT OF INSURANCE
OF THE STATE OF NEW YORK FOR REMAND**

Eric R. Dinallo, Superintendent of Insurance of the State of New York (the "Superintendent") submits this memorandum of law in support of his motion under 28 USC § 1447(c) to sever plaintiffs' claims against the Superintendent and remand those claims to New York State Supreme Court.

**PRELIMINARY STATEMENT**

This is a purported class action filed in New York State Supreme Court on June 2, 2008, by plaintiffs, four professional corporations providing acupuncture, chiropractic, and other services related to health care, against several insurance companies (the "Insurance Company Defendants"), law firms alleged to have represented the Insurance Company Defendants (the "Law Firm Defendants"), the National Insurance Crime Bureau (the "NICB") and the Superintendent. See Complaint attached as Exhibit A to Notice of Removal dated June 23, 2008, (the "Notice of Removal" and the "Complaint") pp. 1-2. The Complaint asserts forty-seven

claims in 788 paragraphs and consists of 223 pages.  The forty-first claim, brought under CPLR Article 78, which provides the sole statutory avenue in New York for a party to proceed against the state, a state agency, or a state official in his official capacity for the relief available under the old writ of mandamus to compel (see Hamptons Hospital & Medical Center, Inc. v. Moore, 52 N.Y.2d 88, 100 (1981) (discussing history of Article 78)), is the only claim expressly directed against the Superintendent in his official capacity, although a few other claims seek injunctive relief not clearly applicable to the Superintendent from "all defendants," and so nominally apply to the Superintendent.  See Complaint ¶¶ 774-775, 780-789.

Defendants State Farm Mutual Automobile Insurance Company ("State Farm"), Melli, Guerin & Wall PC, and Katten Muchin Rosenman LLP[1] (collectively the "Removing Defendants") removed this action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA").  Plaintiffs' claims against the Superintendent are barred by the Eleventh Amendment to the United States Constitution and thus must be remanded (or dismissed).

Not only are plaintiffs' claims against the Superintendent, seeking to compel him to take action in his official capacity as regulator of the insurance industry, barred by the Eleventh Amendment, but it is also appropriate for this Court to abstain from hearing them under Burford v. Sun Oil Co., 319 U.S. 315 (1943).  The regulation of insurance in New York is governed by a complex and comprehensive state regulatory scheme.  Insurance regulation is expressly reserved by Congress to the states under the McCarran-Ferguson Act. 15 U.S.C. § 1011 et seq. Under these circumstances, the doctrine of Burford abstention requires that this Court abstain from adjudicating plaintiffs' claims against the Superintendent in favor of state court proceedings.

---

[1] Removing Defendant Katten Muchin Rosenman LLP is no longer a party to this action.

**BACKGROUND**

In this putative class action, plaintiffs allege that, through a series of tactics including the improper use of allegations of fraud and threats of prosecution against claimants, the Insurance Company Defendants systematically underpaid or refused to pay insurance claims for health care services provided in connection with automobile accidents which are eligible for reimbursement under New York Insurance Law § 5101 et seq., the "No-Fault Law". See Complaint ¶¶ 1-15, 22. Plaintiffs further allege that the Law Firm Defendants and the NICB assisted the Insurance Company Defendants in this conduct, and committed various breaches of legal ethics and regulatory requirements in so doing. See id. ¶¶ 1-15, 22. Plaintiffs seek declaratory and injunctive relief against the Insurance Company Defendants, the Law Firm Defendants, and the NICB. See Complaint ¶¶ 609-789.

Plaintiffs' allegations in the Complaint relating to the Superintendent include allegations that the Superintendent and the Insurance Department investigated and otherwise acted to enforce the Insurance Law against the Insurance Company Defendants multiple times. For example, plaintiffs allege that the Insurance Department conducted a "Market Conduct Investigation" of defendant State Farm, analyzing State Farm's practices in granting or denying no-fault medical claims, as a result of which, State Farm entered into a stipulation with the Insurance Department in which it admitted various violations of the Insurance Law relating to its payment or denial of medical claims, and was required to pay a fine of $131,850. See id. ¶¶ 148-155. Plaintiffs further allege that State Farm entered into a stipulation as a result of another investigation conducted by the Insurance Department through which State Farm admitted to violations of the Insurance Law, and was required by the Insurance Department to pay a fine of

$10,000.  See id. ¶¶ 145-147.  Plaintiffs also allege that the Insurance Department investigated AutoOne Insurance Company ("AutoOne"), another of the Insurance Company Defendants, and that this investigation also resulted in a stipulation in which AutoOne admitted to wrongdoing in the late payment of medical claims, and was required to pay a fine.  See id. ¶¶ 438-442.

Despite these allegations of regulatory action by the Superintendent and the Insurance Department against the Insurance Company Defendants, plaintiffs seek an order compelling the Superintendent to "audit and investigate" the Insurance Company Defendants in some additional fashion.  See id. ¶ 775.  All plaintiffs' claims against the Superintendent, and all other claims made in this action, are made under state law: there are no federal statutory or constitutional claims raised in the Complaint.  See, e.g., id. ¶¶ 85, 775.

On June 23, 2008 the Removing Defendants filed a Notice of Removal in the Southern District of New York, asserting that removal of this action to federal court was appropriate under the expansion of federal diversity jurisdiction created by CAFA.  See Notice of Removal pp. 2-9.  The Superintendent did not consent to removal of the action to this Court.

## ARGUMENT

## POINT I

**UNDER THE ELEVENTH AMENDMENT, THIS COURT CANNOT EXERCISE JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST A STATE OFFICIAL**

The Eleventh Amendment to the United States Constitution bars all federal suits by a citizen of a state against a state, its agencies, or state officials unless the state unequivocally consents to be sued or Congress enacts legislation expressly abrogating the states' Eleventh

Amendment immunity pursuant to a valid grant of constitutional authority[2].  See Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144-45 (1993); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984); McGinty v. New York, 251 F.3d 84, 91-95 (2d Cir. 2001).  The states' Eleventh Amendment immunity extends not only over suits seeking money damages, but also over suits against a state that seek declaratory or injunctive relief.  See Cory v. White, 457 U.S. 85, 90-91 (1982); Missouri v. Fiske, 290 U.S. 18, 27 (1933); McGinty, 251 F.3d at 91.

New York State has not consented to be sued in federal court.  See Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977); Richardson v. New York State Dep't of Correctional Serv., 180 F.3d 426, 447-49 (2d Cir. 1999) (holding that "[t]he test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one," and that "waiver is found only where stated by the most express language.").

Furthermore, the Superintendent did not consent to removal of this action to federal court and thus has not waived the State's Eleventh Amendment immunity.  See Frazier v. Pioneer Ams. LLC, 455 F.3d 542, 546-47 (5th Cir. 2006)(an action against the Louisiana Department of Environmental Quality, among other defendants, that had been removed to federal court.)  In Frazier, the Fifth Circuit noted that:

---

[2]   The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S.Const. Amend. XI.

5

> Because CAFA eliminated the requirement of unanimity of consent to removal, a state may find itself in a case removed to federal court without having joined in the removal. Such a state, having taken no affirmative act, <u>has not waived immunity</u> and can still assert it. Also contrary to plaintiffs' suggestion, the simple act of assuming jurisdiction over a case with a state defendant does not step on its sovereign immunity.... CAFA, like other statutes, provides jurisdiction over cases in which states may, if they choose, be defendants, thus respecting state dignity interests.

<u>Id.</u> 546-47 (emphasis added).

Congress may abrogate the states' Eleventh Amendment immunity by statute only "if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power" under the Constitution. <u>Nev. Dep't of Human Res. v. Hibbs</u>, 538 U.S. 721, 726 (2003). There is no claim asserted against the Superintendent in this action under a federal statute that abrogates New York State's Eleventh Amendment immunity. The relief plaintiffs request against the Superintendent in the forty-first cause of action is that he be ordered to "take all appropriate action to remedy any and all infirmities, deficiencies and misconduct as enjoined by <u>New York State law</u>." Complaint ¶ 775, emphasis added. In fact, there are no claims under federal law against any defendant in this action. <u>Id.</u> ¶ 85 (stating that "[t]his case is... based on New York State statutory law, the conduct of the Defendants, and nothing else.").

While this action was removed to federal court pursuant to the CAFA, a federal statute expanding diversity jurisdiction, there is no language in the CAFA expressing a Congressional intention to abrogate Eleventh Amendment immunity. <u>See</u> <u>Nev. Dep't of Human Res.</u>,538 U.S. at 726; <u>see</u> <u>also</u> <u>Frazier</u>, 455 F.3d at 546 (implicitly recognizing that Eleventh Amendment immunity is not abrogated by CAFA).

Lastly, the <u>Ex Parte Young</u> doctrine is inapplicable to plaintiffs' claims against the

Superintendent. In Ex Parte Young, 209 U.S. 123 (1908), the Supreme Court set forth a narrow set of circumstances in which Eleventh Amendment immunity does not apply to suits against a state official. Where a plaintiff brings an official-capacity suit in federal court against a state official for injunctive relief against an ongoing violation of federal law, the Ex Parte Young doctrine allows that suit to go forward under the fiction that the state official is not acting pursuant to the state's authority, and is therefore not protected by the state's Eleventh Amendment immunity. See Pennhurst State Sch. & Hosp., 465 U.S. at 104-05; Verizon Md., Inc. v. PSC, 535 U.S. 635, 646 (2002). However, where, as in this action, plaintiffs' claims arise under state rather than federal law, the Ex Parte Young doctrine is inapplicable. Pennhurst State Sch. & Hosp., 465 U.S. at 106. Plaintiffs' Complaint is explicit in stating both that the claims against the Superintendent, and all claims in this action, are brought under color of New York State law. See Complaint ¶¶ 85, 775.

Thus, plaintiffs' claims against the Superintendent are therefore barred from federal court by the Eleventh Amendment, and should be remanded to the court from which they were removed[3].

### POINT II

### FEDERAL ABSTENTION IS APPROPRIATE ON PLAINTIFFS' CLAIMS AGAINST THE SUPERINTENDENT BECAUSE CONGRESS HAS RESERVED REGULATION OF THE INSURANCE INDUSTRY TO THE INDIVIDUAL STATES

Furthermore, the United States Supreme Court has recognized that federal courts should

---

[3] The Superintendent does not, by requesting this relief, in any way concede that any claims against the Superintendent state a valid cause of action or could successfully be brought in state court, and reserves his rights to move for plaintiffs' claims to be dismissed on the merits or any other ground if they are remanded to New York State Supreme Court.

abstain in favor of state civil proceedings in areas where states have comprehensive regulatory schemes in place.  See Burford v. Sun Oil Co., 319 U.S. 315 (1943).  In Burford, the Court declined to interfere with a Texas Railroad Commission decision authorizing the drilling of oil wells.  The Court determined that the complex state system for regulating the oil industry, involving both administrative decision making and judicial review, had to be allowed to function without interference from the federal courts.  As Justice Black wrote, "[d]elay, misunderstanding, of local law, and needless federal conflict with the State policy are the inevitable product of this double system of review." Id. at 327.

     The Second Circuit and this Court have both recognized that Burford abstention properly applies to state regulation of insurance.  Law Enforcement Insurance Co. v. Corcoran, 807 F. 2d 38, 43-44 (2d Cir. 1986); Levy v. Lewis, 635 F. 2d 960, 963-64 (2d Cir. 1980); Mathias v. Lennon, 474 F. Supp. 949, 954-55 (S.D.N.Y. 1979).  The Second Circuit has further recognized that "when the court may properly abstain from adjudicating a removed case, it has the power to remand the case to state court." Corcoran v. Ardra Insurance Co. Ltd., 842 F. 2d 31, 36-37 (2d Cir. 1988) (holding that remand of an action to New York Supreme Court was appropriate Burford abstention where the action implicated "New York's complex administrative and judicial system for regulating... domestic insurance companies" and involved "questions ... important to the state regulatory scheme.").

     As the Second Circuit in Levy recognized, federal abstention from matters involving state regulation of insurance is appropriate for two compelling reasons.  First, Congress has mandated that regulation of the insurance industry be left to the individual states. 635 F. 2d at 963; McCarran-Ferguson Act, 15 U.S.C. §§ 1101 et seq.  Second, regulation of insurance is a

complex matter requiring substantial specialized expertise not necessarily found in the federal courts.  Id.

Notably, plaintiffs allege throughout the Complaint that the New York State Insurance Department did investigate and take actions relating to the Insurance Company Defendants.  However, plaintiffs seek to compel the Superintendent to take different actions, and conduct further investigations.  See, e.g., Complaint ¶¶ 145-155, 254-256, 442-444.  Any determination of what actions the Superintendent should take would necessarily interject this federal Court into regulation of the insurance industry in New York State, contrary to the principle of federalism embodied in the McCarran-Ferguson Act.  Additionally, adjudicating plaintiffs' claims against the Superintendent would unnecessarily involve this Court in intricate questions of state insurance regulation.

For these reasons, this Court should also abstain under Burford from hearing plaintiffs' claims against the Superintendent, and should remand (or dismiss) plaintiffs' claims against the Superintendent.  The Superintendent takes no position as to whether the class action claims against the other defendants should remain before this Court.

**CONCLUSION**

For all of the reasons set forth herein, the Superintendent respectfully requests an order severing and remanding all plaintiffs' claims against the Superintendent to New York State Supreme Court.

Dated: July 23, 2008
       New York, New York

                          Respectfully submitted,

                          ANDREW CUOMO
                          Attorney General of the
                            State of New York
                          <u>Attorney for Eric R. Dinallo,</u>
                           <u>Superintendent of Insurance of the State of New York</u>
                          By:

                           <u>/s/ Elizabeth Prickett-Morgan</u>
                          ELIZABETH PRICKETT-MORGAN (EP-7536)
                          Assistant Attorney General
                          120 Broadway
                          New York, New York 10271
                          (212) 416-6276