Civil Action No.: 08-CV-5650(SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVA ACUPUNCTURE P.C., OKSLEN ACUPUNCTURE P.C., Individually and as Assignee of Leona Deleston, MODEL SUPPLY INC. and KINGS COUNTY CHIROPRACTIC P.C.,

Plaintiffs,

-against-

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, AUTO ONE INSURANCE COMPANY, GENERAL ASSURANCE COMPANY, ONE BEACON INSURANCE COMPANY, MCDONNELL & ADELS P.C., MELLI GUERIN & WALL P.C., KATTEN MUCHIN ROSENMAN LLP, RIVKIN RADLER LLP, ISEMAN CUNNINGHAM RIESTER & HYDE LLP, NATIONAL INSURANCE CRIME BUREAU, ERIC R. DINALLO, SUPERINTENDENT OF INSURANCE STATE OF NEW YORK and THE JOHN DOE INSURANCE COMPANIES,

Defendants.

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANT
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**

RIVKIN RADLER LLP
Evan H. Krinick (EK-5271)
Michael P. Versichelli (MV-2692)
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3000

-and-

KATTEN MUCHIN ROSENMAN LLP
Jay Shapiro (JS-2499)
575 Madison Avenue
New York, New York 10022
(212) 940-6400

Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES.................................................................................ii

PRELIMINARY STATEMENT .........................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ........................................1

ARGUMENT.......................................................................................................4

      POINT I

      STATE FARM HAS DEMONSTRATED THAT THE AMOUNT
      IN CONTROVERSY EXCEEDS THE $5,000,000 THRESHOLD........................4

      A.    General CAFA Principles.........................................................................4

      B.    The Object of Plaintiffs' Litigation Exceeds
            CAFA's Amount-In-Controversy Threshold.....................................5

      C.    There Is More Than A "Reasonable Probability"
            That The Jurisdictional Threshold Has Been Satisfied ....................8

      POINT II

      CAFA'S "LOCAL CONTROVERSY" EXCEPTION DOES NOT
      APPLY.................................................................................................................10

CONCLUSION ...................................................................................................19

i

## TABLE OF AUTHORITIES

### CASES

Apodaca v. Martinez, 2008 U.S. Dist. LEXIS 1307 (D. Colo. Jan. 8, 2008)......................5

Arabesque v. Capacity LLC, 2008 U.S. Dist. LEXIS 19779 (S.D.N.Y. Mar. 10, 2008)..................................................................................................................17

Auburn Hous. Auth. v. Martinez, 277 F.3d 138 (2d Cir. 2002) .........................................6

Blockbuster, Inc. v. Galeno, 472 F.3d 53 (2d Cir. 2006) ...................................................7

Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005) ..............................7

Brook v. UnitedHealth Group Inc., 2007 U.S. Dist. LEXIS 73640 (S.D.N.Y. Sept. 27, 2007)..............................................................................................................4, 10

Casey v. Int'l Paper Co., 2008 U.S. Dist. LEXIS 1298 (N.D. Fla. Jan. 7, 2008) ........11, 12

Chavis v. Fidelity Warranty Servcs., 415 F. Supp. 2d 620 (D. S.C. 2006).........................6

Cox v. Allstate Ins. Co., 2008 U.S. Dist. LEXIS 41272 (W.D. Okla. May 21, 2008)..................................................................................................................17

DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271 (2d Cir. 2006) ..................................8

Dunham v. Coffeyville Resources, 2007 U.S. Dist. LEXIS 82606 (D. Kan. Nov. 6, 2007)..................................................................................................................17

Eakins v. Pella Corp., 455 F. Supp. 2d 450 (E.D.N.C. 2006) ..........................................11

Escoe v. State Farm Fire & Cas. Co., 2007 U.S. Dist. LEXIS 30088 (E.D. La. April 23, 2007) .....................................................................................................12, 17

Evans v. Walter Indus., Inc., , 449 F.3d 1159 (11th Cir. 2006) ............................10, 11, 12

Frazier v. Pioneer Americas LLC, 455 F.3d 542 (5th Cir. 2006).....................................11

Groman v. Cola, 2007 U.S. Dist. LEXIS 82564 (S.D.N.Y. Nov. 7, 2007) ........................18

Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333 (1977)......................................5

Kearns v. Ford Motor Co., 2005 U.S. Dist. LEXIS 41614 (C.D. Cal. Nov. 18, 2005)..............................................................................................................10, 15

Leyse v. Domino's Pizza LLC, 2004 U.S. Dist. LEXIS 16869 (S.D.N.Y. Aug. 23, 2004)..........................................................................................................................7

Martin v. Franklin Capital Corp., 546 U.S. 132 (2005) ............................................17, 18

Matera v. Clear Channel Communications, Inc., 2006 WL 3316967 (S.D.N.Y., Nov. 14, 2006).........................................................................................................13

Moose v. Stant Corp., 2006 U.S. Dist. LEXIS 18979 (W.D.N.Y. Apr. 12, 2006) .............9

Pinson v. Knoll, Inc., 2007 U.S. Dist. LEXIS 44201 (S.D.N.Y. June 18, 2007)................9

Rippee v. Boston Market Corp., 408 F. Supp. 2d 982 (S.D. Cal. 2005) ............................7

Robinson v. Cheetah Transp., 2006 U.S. Dist. LEXIS 10129 (W.D. La. Feb. 24, 2006)..................................................................................................10, 12, 16

Robinson v. Cheetah Transp., 2006 U.S. Dist. LEXIS 82921 (W.D. La. Nov. 14, 2006)...........................................................................................................13

Serrano v. 180 Connect, Inc., 478 F.3d 1018 (9th Cir. 2007) ..........................................10

Sherman v. A.J. Pegno Constr. Corp., 528 F. Supp. 2d 320 (S.D.N.Y. 2007)..................18

Sullivan v. State Farm Fire & Cas. Ins. Co., 2006 U.S. Dist. LEXIS 95817 (E.D. La. April 6, 2006) ..........................................................................................16

Toller v. Sagamore Ins. Co., 2008 U.S. Dist. LEXIS 27666 (E.D. Ark. Apr. 4, 2008)...............................................................................................................5, 7, 8

Tompkins v. Basic Research LL, 2008 WL 1808316 (E.D. Cal. Apr. 22, 2008)................7

Tongkook Am. Inc. v. Shipton Sportswear Co., 14 F.3d 781 (2d Cir. 1994).....................7

Wise v. Marriott Int'l, Inc., 2007 U.S. Dist. LEXIS 55611 (S.D.N.Y. July 30, 2007)............................................................................................................9

Yeroushalmi v. Blockbuster, Inc., 2005 U.S. Dist. LEXIS 39331 (C.D. Cal. July 11, 2005).........................................................................................................5, 7

## STATUTES

28 U.S.C. § 1332(d) ............................................................................................ 1, 3, 4, 5, 7, 8, 10, 11

28 U.S.C. § 1336(d) ............................................................................................ 4

28 U.S.C. § 1447(c) ............................................................................................ 1, 17

Class Action Fairness Act of 2005 ("CAFA"), Public Law 109-1, 110 Stat. 4 ................... 4

S. Rep. No. 109-14 ............................................................................................ 4, 5, 8, 11

## MISCELLANEOUS

Sarah S. Vance, A Primer on the Class Action Fairness Act of 2005, 80 Tul. L. Rev. 1617, 1628-29 (2006) ............................................................................................ 8

## PRELIMINARY STATEMENT

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") submits this Memorandum of Law in opposition to the motion of plaintiffs, Okslen Acupuncture P.C. and Kings County Chiropractic P.C. ("plaintiffs"),[1] for an Order pursuant to 28 U.S.C. § 1447(c) remanding this action to the Supreme Court of the State of New York, County of New York. State Farm demonstrates below that there is federal jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because the amount in controversy stemming from plaintiffs' claims for declaratory and injunctive relief exceeds the $5,000,000 statutory threshold. State Farm further demonstrates that the "local controversy" exception does not apply because no significant relief is sought against a resident defendant whose conduct forms a significant basis of plaintiffs' claims – the target of this litigation, as evidenced by plaintiffs' 223-page complaint, is State Farm and State Farm alone. Indeed, only three resident defendants remain in this case (Auto One Insurance Company, General Assurance Company and McDonnell & Adels, P.C.), and their alleged conduct, as well as the relief sought from each, pales in comparison to the alleged conduct of and relief sought from State Farm.

## FACTUAL AND PROCEDURAL BACKGROUND

In this putative class action, plaintiffs seek declaratory and injunctive relief against, *inter alia*, certain No-Fault insurers: State Farm, Auto One Insurance Company, General Assurance Company, and One Beacon Insurance Company (the latter three companies are referred to in the Complaint as the "One Beacon Group") (collectively with State Farm referred to as the "Insurance Company Defendants"). See Plaintiffs' Complaint, dated May 27, 2008.

---

[1] Plaintiffs Ava Acupuncture P.C. and Model Supply Inc. have voluntarily dismissed their action against all defendants.

Plaintiffs are medical providers who are allegedly entitled to receive No-Fault medical reimbursement as assignees of patient-insureds. Plaintiffs brought this action on behalf of a putative class of New York claimants and their medical providers, who have submitted, or will submit, No-Fault Insurance claims to the Insurance Company Defendants. See Complaint at ¶57. Plaintiffs allege that by denying claims and engaging in claims-related litigation and statutorily mandated fraud investigation activity, the Insurance Company Defendants have violated various New York statutes and regulations relating to, among other things, the qualification of Special Investigative Unit ("SIU") investigators and claim settlement practices. Plaintiffs seek the following wholesale declaratory relief against the Insurance Company Defendants:

- A declaration that the Insurance Company Defendants' Special Investigative Units are illegal in that their investigators do not meet the minimum qualifications as set forth by 11 N.Y.C.R.R. § 86.6(c).

- A declaration that each and every denial of claim form (NF-10) issued by the Insurance Company Defendants that is based in whole or in part upon information obtained by the Insurance Company Defendants' SIU be deemed null and void.

- A declaration that the Insurance Company Defendants have engaged in unfair claim settlements practices in violation of multiple statutes and regulations including, N.Y. Insurance Law § 5106, 11 N.Y.C.R.R. §§ 65-3.2(a)(b)(c) and (e), 65-3.5, 65-4.11, 86.6(a)(b)(c) and (d), N.Y. Comp. Codes R. & Regs. Tit. 11 Part 216 (Regulation 64) and N.Y. Insurance Law § 2601(a)(4).

- A declaration that the Insurance Company Defendants are in violation of N.Y. General Business Law § 349.

- A declaration that State Farm is in violation of Penal Law § 200.03 (Bribery in the second degree); Penal Law § 200.00 (Bribery in the third degree); Penal Law § 200.20 (Rewarding official misconduct in the second degree); and Penal Law § 200.30 (Giving unlawful gratuities); or in the alternative, a declaration that State Farm improperly influenced the Suffolk County District Attorney's conduct in Operation BORIS and caused the DA to investigate, arrest and prosecute individuals and corporations.

See Complaint at ¶38(a).

2

Plaintiffs allege that the foregoing violations occurred over a period of six years prior to the filing of the complaint, and will continue into the future until remedied. See id. In addition to a declaratory judgment, plaintiffs seek a permanent injunction enjoining and restraining the Insurance Company Defendants' SIU investigators, as well as National Insurance Crime Bureau investigators ("NICB"), from engaging in any investigative activity unless and until properly qualified. See id. at ¶38(c) and (d).

Plaintiffs also seek an injunction against all Defendants, including the Insurance Company Defendants' attorneys, McDonnell & Adels, P.C., and the NICB,[2] enjoining and restraining them from utilizing any information obtained by and/or through the Insurance Company Defendants' SIUs, the Suffolk County District Attorney or Suffolk County Task Force associated with "Operation BORIS," NICB Special Agents and/or Defendant, McDonnell & Adels, P.C. See id. at ¶38(e)-(h).

As demonstrated below, this is a putative class action in which: (1) there are 100 or more members in the plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship from some defendants; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

---

[2] Since the commencement of this action, plaintiffs have voluntarily dismissed their lawsuit against the following defendants: Melli, Guerin & Wall, P.C., Katten Muchin Rosenman LLP, Rivkin Radler LLP, Iseman Cunningham Riester & Hyde LLP and Eric Dinallo, Superintendent of Insurance for the State of New York.

## ARGUMENT

## POINT I

## STATE FARM HAS DEMONSTRATED THAT THE AMOUNT IN CONTROVERSY EXCEEDS THE $5,000,000 THRESHOLD

### A.    General CAFA Principles

On February 18, 2005, the United States Congress passed the Class Action Fairness Act of 2005 ("CAFA"), Public Law 109-1, 110 Stat. 4 (codified at 28 U.S.C. §§ 1711-15, 1651, 1332, 1335, 1603, 1453 and 1451). CAFA, in relevant part, amends the diversity jurisdiction statute, 28 U.S.C. § 1332. See Senate Rep. 109-14, February 28, 2005. It was passed with the clear intention of expanding federal court jurisdiction over class actions. S. Rep. No. 109-14 at 42. Generally, CAFA vests the district courts with original jurisdiction of class actions where: (1) the putative class is composed of at least 100 members; (2) any class member is diverse from any defendant; and (3) the aggregate amount in controversy exceeds five million dollars, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A); see Brook v. UnitedHealth Group Inc., 2007 U.S. Dist. LEXIS 73640, *7 (S.D.N.Y. Sept. 27, 2007). Subsection (d)(6) further provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of … [the jurisdictional amount set forth in § 1332(d)(2).]" 28 U.S.C. § 1336(d).

There is no dispute that there are more than 100 members in the putative class. Indeed, plaintiffs seek certification of a class defined as "all claimants and their medical providers/assignees that have submitted, or will submit, No-Fault insurance claims to the Insurance Company Defendants and which claims and entities were subjected to the conduct of Defendants as enumerated within these pleadings." Complaint at ¶57; see also id. at ¶¶56-90.

4

Nor do plaintiffs dispute the existence of minimal diversity. The named plaintiffs are citizens of New York, whereas State Farm is a citizen of Illinois. See 28 U.S.C. § 1332(d)(2)(A) (defining diversity of citizenship under CAFA as including situations where "any member of a class of plaintiffs is a citizen of a state different from any defendant").

Plaintiffs maintain that this Court lacks subject matter jurisdiction because the $5,000,000 amount-in-controversy threshold has not been satisfied. Plaintiffs are incorrect.

### B.    The Object of Plaintiffs' Litigation Exceeds CAFA's Amount-In-Controversy Threshold

When an action seeks declaratory or injunctive relief, the amount in controversy is determined by the value of the object of the litigation. Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). Under CAFA, the value of declaratory relief is assessed by including "the value of all relief and benefits that would logically flow from the granting of declaratory relief sought by the claimants," while the value of injunctive relief is assessed under the "either party" rule and therefore incorporates the cost that would be incurred by defendants in complying with any injunctive request. S. Rep. 109-14, at 42-43; see Toller v. Sagamore Ins. Co., 2008 U.S. Dist. LEXIS 27666, at *16 (E.D. Ark. Apr. 4, 2008); Apodaca v. Martinez, 2008 U.S. Dist. LEXIS 1307, at *23 (D. Colo. Jan. 8, 2008); Yeroushalmi v. Blockbuster, Inc., 2005 U.S. Dist. LEXIS 39331, n.4 (C.D. Cal. July 11, 2005). Under this standard, plaintiffs' claims easily meet the jurisdictional threshold.

Plaintiffs seek, among other things, a declaration that "each and every denial of claim form (NF-10) issued by State Farm that is based in whole or in part upon information obtained by State Farm's SIU and/or One Beacon's SIU be deemed null and void" for a six-year period preceding the filing of the Complaint up until the alleged infirmity is remedied. See Complaint at ¶38(a)(3). According to the accompanying Affidavit of Nicole Redd, State Farm's SIU

5

Section Manager, from 2003 to June 2008, State Farm issued denials based on evidence gathered by SIU investigators in a total sum exceeding $40 million. See Affidavit of Nicole Redd, sworn to on August 20, 2008 ("Redd Aff."), ¶3. Given that hundreds of thousands of claims totaling tens of millions of dollars could potentially be invalidated by plaintiffs' declaratory relief, it is clear that the jurisdictional prerequisite is satisfied. In addition, plaintiffs seek permanent injunctive relief requiring significant changes in defendant's practices, the cost of which certainly satisfies the jurisdictional threshold.

Plaintiffs claim that the amount in controversy must be measured strictly from the plaintiffs' viewpoint, without regard for the amount at stake for any other party. They argue that CAFA's legislative history on the amount-in-controversy requirement is irrelevant because it is unconnected to the text in the statute and therefore such legislative history should be discarded. They further argue that defendants need to show that there is a "reasonable probability" that the jurisdictional amount in controversy is satisfied, and defendants' evidence that the requested declaratory and injunctive relief exceeds $5 million is too speculative. Plaintiffs' arguments are misplaced.

In contrast to the legislative history regarding which party bears the burden of establishing federal jurisdiction (the party seeking removal or plaintiff), the legislative history regarding amount in controversy is clearly tethered to the text – CAFA's new $5 million amount-in-controversy requirement. On its face, the amount-in-controversy requirement is ambiguous, and it is well established that legislative history has probative value in construing ambiguous text. See Auburn Hous. Auth. v. Martinez, 277 F.3d 138, 143-44 (2d Cir. 2002). Numerous courts have relied on CAFA's legislative history in cases where plaintiffs have sought declaratory and injunctive relief. See Chavis v. Fidelity Warranty Servcs., 415 F.Supp. 2d 620,

6

626 (D. S.C. 2006); Rippee v. Boston Market Corp., 408 F.Supp. 2d 982, 984 (S.D. Cal. 2005);

Yeroushalmi, 2005 U.S. Dist. LEXIS 39331, at *11-12.[3]

As these and other courts have properly reasoned, CAFA's explicit requirement that

damages in a class action are aggregated to calculate the amount in controversy, see 28 U.S.C. §

1332(d)(6), overrules the "plaintiff-only" perspective in calculating such damages.    See

Tompkins v. Basic Research LL, 2008 WL 1808316, at 4 n.9 (E.D. Cal. Apr. 22, 2008); Toller,

2008 U.S. Dist. LEXIS 27666, at *15-16; Yeroushalmi, 2005 U.S. Dist. LEXIS 39331, at *12

n.4.  Prior to the enactment of CAFA, courts refused to consider the cost of declaratory and

injunctive relief to the defendant because that would effectively aggregate the plaintiffs' claims

to satisfy the amount in controversy, which plaintiffs were not allowed to do.  See Leyse v.

Domino's Pizza LLC, 2004 U.S. Dist. LEXIS 16869, at *8 (S.D.N.Y. Aug. 23, 2004) ("to

evaluate the jurisdiction amount from the defendant's viewpoint would eviscerate ... the idea

that the claims of class members may not be aggregated in order to meet the jurisdictional

threshold").  Once a provision requiring the aggregation of claims was adopted, the old rule was

unnecessary.  Since CAFA expressly contemplates aggregation, and CAFA's evident purpose is

to expand federal jurisdiction, the proper approach to valuing claims for declaratory and

injunctive relief is the total benefit to the plaintiff class or the aggregate cost to the defendant.

---

[3] The cases relied upon by plaintiffs, Blockbuster, Inc. v. Galeno, 472 F.3d 53 (2d Cir. 2006) and
Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005), only rejected CAFA's
legislative history with regard to the issue of which party bears the burden of establishing federal
jurisdiction.  For instance, in Blockbuster, supra, the Second Circuit held that CAFA did not
change the traditional rule that the party asserting federal jurisdiction bears the burden of
establishing jurisdiction.  See 472 F.3d 53.  State Farm does not dispute that it bears the initial
burden here, to demonstrate a "reasonable probability" that the claim is for more than the
jurisdictional amount." Tongkook Am. Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d
Cir. 1994).

See S. Rep. 109-14 at 42-43; Toller, 2008 U.S. Dist. LEXIS 27666, at *16-17; Sarah S. Vance, A Primer on the Class Action Fairness Act of 2005, 80 Tul. L. Rev. 1617, 1628-29 (2006).

DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271 (2d Cir. 2006), is not to the contrary. The question in DiTolla was whether the defendants had satisfied their burden of establishing that the object of the litigation in an action for an accounting met the amount-in-controversy requirement. The court was not faced with the circumstances here – i.e. a request for declaratory and injunctive relief and the question whether the cost of compliance with such relief would satisfy the amount-in-controversy requirement. In any event, DiTolla relied on pre-CAFA case law for the proposition that the amount in controversy in an action seeking equitable relief is calculated from the plaintiffs' standpoint. As noted above, CAFA, which allows aggregation of class members' claims for purposes of computing the amount in controversy, see 28 U.S.C. § 1332(d)(6), dispenses with the rule that the amount in controversy in actions seeking equitable relief should be measured strictly from the plaintiff's perspective.

## C.    There Is More Than A "Reasonable Probability" That The Jurisdictional Threshold Has Been Satisfied

It is clear that there is more than a "reasonable probability" that the jurisdictional threshold has been satisfied. Plaintiffs' proposed relief implicates hundreds of thousands of claims - even if one assumes that each claim is worth no more than $50, that amount alone would be more than sufficient to satisfy the $5 million amount-in-controversy threshold, even without considering the value of plaintiffs' requested injunctive relief.

Plaintiffs claim that State Farm has failed to sustain its burden because the original Redd Affidavit is deficient in the following respects: (1) it does not explicitly state that denials based upon SIU alerts are denials based in whole or in part on information gathered by SIU investigators; (2) it is not limited to New York claims; and (3) it constitutes inadmissible

8

hearsay. The accompanying supplemental affidavit clarifies the first two points. From 2003 to June 2008, State Farm has issued denials based on evidence gathered by SIU investigators in a total sum exceeding $40 million. <u>See</u> Redd Aff. at ¶3. Further, these denials relate exclusively to No-Fault claims submitted by New York healthcare providers. <u>See id.</u> at ¶2. As for plaintiffs' claim that the Affidavit is hearsay, it is based on Ms. Redd's personal review of State Farm's records and computer-generated data. State Farm is not required to produce its records to establish that this Court has jurisdiction. <u>See</u> <u>Moose v. Stant Corp.</u>, 2006 U.S. Dist. LEXIS 18979, at *5-7 (W.D.N.Y. Apr. 12, 2006).

Nevertheless, plaintiffs claim that even if the statements contained in the Redd Affidavit are true, the fact that State Farm denied more than $40,000,000 in No-Fault claims based upon information gathered by SIU investigators does not mean that it would cost State Farm more than $5,000,000 if those denials were declared null and void. Plaintiffs argue that declaring a denial null and void does not necessarily mean that State Farm would have to pay these claims because State Farm may have defenses to payment.

Plaintiffs' argument – that State Farm might have viable defenses to payment even if all denials at issue are declared null and void – completely misses the mark. For purposes of the present motion, there is no reason for this Court to consider, let alone attempt to decide, the amount that State Farm will have to pay if the denials at issue are declared null and void. This is because State Farm is not required to demonstrate how much it will pay if all of the denials at issue are declared null and void, just a "reasonable probability" that the amount in controversy exceeds the $5 million statutory threshold. <u>See</u> <u>Wise v. Marriott Int'l, Inc.</u>, 2007 U.S. Dist. LEXIS 55611, at *15 (S.D.N.Y. July 30, 2007); <u>Pinson v. Knoll, Inc.</u>, 2007 U.S. Dist. LEXIS 44201, at *13 (S.D.N.Y. June 18, 2007).

Because plaintiffs do not, and indeed cannot, seriously contend that there is no real potential that State Farm (as well as the other Insurance Company Defendants) might have to pay $5 million or more if the denials at issue are declared null and void, the object of this litigation, or the amount in controversy, exceeds $5,000,000.

**POINT II**

**CAFA'S "LOCAL CONTROVERSY"**
**EXCEPTION DOES NOT APPLY**

CAFA's "local controversy" exception applies only if, among other factors, at least one defendant is a defendant: (1) from whom significant relief is sought by members of the putative class; (2) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (3) who is a citizen of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A)(II); see Robinson v. Cheetah Transp., 2006 U.S. Dist. LEXIS 10129 (W.D. La. Feb. 24, 2006) ("significant relief" is not sought from an in-state defendant if the defendant is potentially liable only to a portion of the class and the in-state defendant's potential liability represents a relatively small fraction of the defendants' total potential liability); Kearns v. Ford Motor Co., 2005 U.S. Dist. LEXIS 41614 (C.D. Cal. Nov. 18, 2005) (same principle).

Moreover, once federal jurisdiction is established, plaintiffs bear the burden of demonstrating that any exception to CAFA's expanded jurisdictional principles applies to the present case. See Brook, 2007 U.S. Dist. LEXIS 73640, at *13-14 ("Given CAFA's purpose, and given the burdens of proof applicable to the general removal statute where a statutory basis for exercising federal jurisdiction has been shown, the party opposing the exercise of the Court's established jurisdiction bears the burden of demonstrating that a CAFA exception exists.); see also Serrano v. 180 Connect, Inc., 478 F.3d 1018 (9th Cir. 2007); Evans v. Walter Indus., Inc.,

10

449 F.3d 1159, 1164 (11th Cir. 2006); Frazier v. Pioneer Americas LLC, 455 F.3d 542 (5th Cir. 2006).  Congress intended the "local controversy" exception to be a narrow one, with all doubts resolved "in favor of exercising jurisdiction over the case."  Evans, 449 F.3d at 1163 (quoting S. Rep. No. 109-14 at 42); see Casey v. Int'l Paper Co., 2008 U.S. Dist. LEXIS 1298, at *6 (N.D. Fla. Jan. 7, 2008).  Plaintiffs at bar have not established that the "local controversy" exception requires remand of this action to state court.

Under the "local controversy" exception, plaintiffs must establish four requirements: (1) 2/3 of the putative class members are citizens of the forum state; (2) significant relief is sought from at least one in-state defendant whose conduct forms a significant basis of plaintiffs' claims; (3) principal injuries resulting from the alleged conduct of each defendant occurred in the forum state; and (4) no other class action asserting the same or similar allegations has been filed against the defendants in the preceding 3 years.  28 U.S.C. § 1332(d)(4)(A).  Plaintiffs argue that they satisfy each of these conditions because their class is made up (almost entirely) of New York citizens; several of the defendants are citizens of New York; their allegations are limited to claims that the defendants violated New York insurance law; and no similar lawsuit has been brought in the preceding 3 years.  But plaintiffs have not met their burden to satisfy the second requirement – that significant relief is sought from an in-state defendant whose conduct forms a significant basis of plaintiffs' claims.

The Senate Report makes clear that the in-state defendant "must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership), as well as being a defendant whose alleged conduct forms a significant basis for the claims asserted by the class."  S. Rep. 109-14, at 40; see Casey, 2008 U.S. Dist. LEXIS 1298, at *16; Eakins v. Pella Corp., 455 F. Supp. 2d 450, 452-53 (E.D.N.C. 2006).  "Significance" cannot be judged in a

11

vacuum, but rather "it must be assessed relative to the allegations against each defendant and the specific relief sought." Casey, 2008 U.S. Dist. LEXIS 1298, at *15; see Escoe v. State Farm Fire & Cas. Co., 2007 U.S. Dist. LEXIS 30088, at *7 (E.D. La. April 23, 2007). As the Eleventh Circuit stated in Evans v. Walter Indus., Inc., supra, "a class seeks 'significant relief' against a defendant when the relief sought against that defendant is a significant portion of the entire relief sought by the class." 449 F.3d at 1167. The Evans Court further stated that "whether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment. Id. (quoting Robinson, 2006 U.S. Dist. LEXIS 10129, at *12).

When plaintiffs' filed their motion to remand, they argued that there were four in-state defendants, the Superintendent of Insurance for the State of New York, two insurance companies (Auto One and General Assurance) and one law firm (McDonnell & Adels, P.C.). See Plaintiffs' Memorandum of Law in Support of Motion to Remand ("Plaintiffs' Mem.") at 18. Plaintiffs contended that they sought significant relief from each and the conduct of each formed a significant basis for their claims. See id.

After moving to remand, the plaintiffs voluntarily dismissed one of the in-state defendants, the Superintendent of Insurance. Therefore, the Court can ignore most of plaintiffs' argument regarding the "local controversy" exception because it attempts to explain why the alleged conduct of and relief sought from the Superintendent of Insurance is significant. See Plaintiffs' Mem. at 18-20.

That leaves three in-state defendants, and it is their alleged conduct and the relief sought from each of these defendants that must be compared with the alleged conduct of and relief

12

sought from State Farm and other out-of-state defendants.    Matera v. Clear Channel Communications, Inc., 2006 WL 3316967, at *10 (S.D.N.Y., Nov. 14, 2006) (local defendants conduct must be significant in relation to the conduct alleged against the other defendants in the complaint, and the relief sought against the local defendant must be a significant portion of the relief sought by the entire class) (citing Evans, 449 F.3d at 1166-69).    Based upon this comparison, the alleged conduct of and the relief sought from the in-state defendants are dwarfed by the alleged conduct of and the relief sought from State Farm and other out-of state defendants.

Plaintiffs spend a total of one page addressing the alleged conduct of and relief sought from Auto One and General Assurance.    See Plaintiffs' Mem. at 21-22.    In sum, the best plaintiffs can do here is to argue that the nature of the claims they have asserted against State Farm, Auto One and General Assurance are similar.    See id. (the "factual recitations and claims" against Auto One and General Assurance are "essentially the same" as those alleged against State Farm).    Yet, plaintiffs do not and cannot point to any authority for the proposition that the similarity in the  nature of claims against the in-state and out-of state defendants has any relevance to whether the "local controversy" exception exists.

Indeed, whether the nature of the plaintiffs' claims against the defendants is similar is not the relevant standard.    Instead, the relevant standards, which the plaintiffs have the burden to establish but have chosen to ignore, are: (1) whether the alleged conduct of each in-state defendant is significant in comparison with the alleged conduct of the out-of-state defendants; and (2) whether the relief sought from each in-state defendant is significant in comparison with the relief sought from the out-of state defendants.    Plaintiffs have not attempted to address either of these standards.    Therefore, their motion to remand must fail.    See Robinson v. Cheetah Transp., 2006 U.S. Dist. LEXIS 82921, at *7 (W.D. La. Nov. 14, 2006) (because plaintiffs have

". . . not provide[d] any enlightenment at all with respect to the significance of the relief that is sought against [the two local defendants], or its comparative significance relative to the relief sought from the other [five] named co-defendants," court denies remand.) (citing Evans, 449 F. 3d at 1167).

Even if the similarity in the nature of the claims were relevant, plaintiffs concede (as they must) that the nature of the claims against, as well as the alleged conduct of and relief sought from State Farm go well beyond and dwarf the nature of their claims against the alleged conduct of and the relief sought from Auto One and General Assurance. Therefore, they cannot meet their burden of establishing the applicability of the "local controversy" exception.

Specifically, in addressing the similar nature of the claims made against and the relief sought from State Farm, Auto One and General Assurance, plaintiffs note that they have alleged that each of these companies has "illegal SIU Departments" which they purportedly use "to create false justifications for denials" and they "improperly utilize 'enforcer counsel' and the NICB to manufacture false justification for denials." Plaintiffs' Mem. at 21-22. That much is true, but that is where the very general similarities end.

Plaintiffs admit that their unique claims against and the relief that they seek from State Farm also include allegations that: (1) State Farm and the NICB (another out-of-state defendant) bribed law enforcement agencies in connection with a "large criminal investigation that led to arrests and indictments to kill claims," and (2) "State Farm engages in a fraudulent Independent Medical Examination Scheme and Examination Under Oath Scheme." Plaintiffs' Mem. at 21-22. Plaintiffs do not allege that any of the in-state defendants engaged in this conduct. How significant is this conduct that the plaintiffs have alleged only against State Farm? The answer

14

appears to be very significant, given that the plaintiffs have taken 84 paragraphs in their complaint to describe it. See Compl. at ¶¶ 159-243.

In addition to these allegations which are unique to State Farm, plaintiffs also allege other conduct solely against State Farm, namely that: (1) State Farm engaged in a "heinous and dangerous scheme to defraud by falsely labeling wrecked automobiles" (Compl. at ¶¶ 244-52); (2) State Farm engaged in a "centrally controlled nationwide pattern of malevolent conduct" (Compl. at ¶¶ 257-88); (3) a State Farm supervisor directed adjusters to change and exclude information from claim files to avoid paying claims that were owed (Compl. at ¶¶ 289-295); and (4) State Farm, the NICB and the Suffolk County DA engaged in a massive conspiracy designed to avoid paying claims that were owed by engaging in bribery, perjury and the fabrication of evidence to support criminal charges against hundreds of defendants (Compl. at ¶¶ 296-413). Plaintiffs do not allege that any of the in-state defendants engaged in this conduct.

When read as a whole, the complaint spends approximately 80 pages and more than 300 paragraphs describing the conduct of State Farm. See Compl. at pp. 37-117, ¶¶ 110-413. This is the conduct alleged solely against State Farm and for which the plaintiffs seek relief from State Farm. By comparison, the complaint spends 10 pages describing the conduct of the "One Beacon Group" which includes Auto One, General Assurance and an out-of-state insurance company One Beacon Insurance. See Compl. at pp. 117-27. In these 10 pages, plaintiffs make conclusory allegations with virtually no factual support regarding the One Beacon Group. Moreover, plaintiffs do not even attempt to distinguish the conduct of the in-state defendants that are part of the One Beacon Group (Auto One and General Assurance) from the conduct of the out-of-state defendant that is part of the One Beacon Group (One Beacon Insurance). See Kearns v. Ford Motor Co., 2005 U.S. Dist. LEXIS 41614, at *33 (refusing to look at the relief

sought from a group of defendants because "the statute is clear that for purpose of this clause there must be a defendant who individually, not as part of a group," satisfies this condition). Therefore, there is no way to discern which conduct is alleged against, or what relief is sought from, the in-state-defendants, as opposed to the out-of-state defendant, who are part of the One Beacon Group.

In sum, the alleged conduct of and the relief sought from Auto One and General Assurance pale in comparison to the alleged conduct of and relief sought from State Farm and the other out-of-state defendants. See Sullivan v. State Farm Fire & Cas. Ins. Co., 2006 U.S. Dist. LEXIS 95817 (E.D. La. April 6, 2006) (local controversy exception did not apply where face of complaint alleged only two acts or omissions by insurance agent when compared to insurer who was main target); Robinson, 2006 U.S. Dist. LEXIS 82921 (plaintiffs' bald allegations that significant relief was sought from in-state defendants insufficient to establish applicability of "local controversy" exception). Therefore, plaintiffs have not alleged significant conduct of, or sought significant relief from, either Auto One or General Assurance.

The only other in-state defendant is McDonnell & Adels, P.C., one of several firms that allegedly has acted as "enforcer counsel" for the Insurance Company Defendants. Specifically, the conduct alleged against McDonnell & Adels, P.C. is set forth in 6 pages of the 223-page complaint, namely that it is one of several law firms that has improperly used information from SIU investigations, the NICB and a criminal investigation by the Suffolk County DA to help the Insurance Company Defendants avoid paying claims. See Compl. at pp. 128-33. Plaintiffs seek declaratory and injunctive relief against McDonnell & Adels, P.C., which is essentially to declare that the firm has acted improperly and to enjoin future improper conduct. See Compl. at ¶¶ 728-59.

16

The conduct alleged against and the relief sought from McDonnell & Adels, P.C. are based entirely upon their actions taken as a law firm for the Insurance Company Defendants, and their liability is derivative of and ancillary to the conduct alleged against the Insurance Company Defendants. See Dunham v. Coffeyville Resources, 2007 U.S. Dist. LEXIS 82606 (D. Kan. Nov. 6, 2007) (putative class filed suit against a number of defendants in environmental case, but the owner/operator of the facility "clearly [stood] before all the others in importance;" the liability of the other defendants was "derivative and indirect at best."). Moreover, only a very small portion of the proposed class would have been affected by and entitled to relief from McDonnell & Adels, P.C. See Escoe, 2007 U.S. Dist. LEXIS 30088 (holding that insurance agent was not a defendant against whom significant relief was sought because, *inter alia*, State Farm had many agents, and it was likely that only a small portion of the members of the putative class were affected by the particular agent's wrongs); Cox v. Allstate Ins. Co., 2008 U.S. Dist. LEXIS 41272, at *10 (W.D. Okla. May 21, 2008) ("a class seeks 'significant relief' against a defendant when the relief sought against the defendant is a significant portion of the relief sought against the class.") (quoting Evans, 449 F.3d at 1167) .

Accordingly, the relief sought from Auto One and McDonnell & Adels, P.C. is not "significant," nor can their conduct form a significant basis for the claims asserted by the proposed plaintiff class. Under these circumstances, the "local controversy" exception to CAFA does not apply. Plaintiffs do not contend that any other CAFA exception applies to this case.

Lastly, plaintiffs are not entitled to attorney's fees. A district court may award attorney's fees under 28 U.S.C. § 1447(c) only where the moving party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Arabesque v. Capacity LLC, 2008 U.S. Dist. LEXIS 19779, *4 (S.D.N.Y. Mar. 10, 2008).

Conversely, when an objectively reasonable basis exists, fees should be denied. See Martin, 546 U.S. at 141; Sherman v. A.J. Pegno Constr. Corp., 528 F. Supp. 2d 320, 331 (S.D.N.Y. 2007); Groman v. Cola, 2007 U.S. Dist. LEXIS 82564, *26 (S.D.N.Y. Nov. 7, 2007).  There is no presumption that fees will be awarded with a remand, and the decision to award fees remains an exercise of the Court's discretion. Martin, 546 U.S. at 136-37; Sherman, 528 F. Supp. 2d at 331. As clearly demonstrated above, State Farm had an objectively reasonable basis for removal.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion should be denied in its entirety, along with such other and further relief as this Court may deem just and proper.

Dated: Uniondale, New York
      August 21, 2008

                         Respectfully submitted,

                         RIVKIN RADLER LLP

By:              /s/
                         Evan H. Krinick (EK-5271)
                         Michael P. Versichelli (MV-2692)
                         926 RexCorp Plaza
                         Uniondale, New York 11556-0926
                         (516) 357-3000

                             -and-

                         KATTEN MUCHIN ROSENMAN LLP
                         Jay Shapiro (JS-2499)
                         575 Madison Avenue
                         New York, New York 10022
                         (212) 940-6400

                         Attorneys for Defendant
                         STATE FARM MUTUAL AUTOMOBILE
                         INSURANCE COMPANY

2179158 v1