Raymond J. Zuppa Jr.
The Zuppa Firm PLLC
53 Herbert Street
Brooklyn, New York 11222
(646) 750-2972
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===================================
AVA ACUPUNCTURE P.C., OKSLEN ACUPUNCTURE
P.C. Individually and as Assignee of Leona Deleston, MODEL
SUPPLY INC. and KINGS COUNTY CHIROPRACTIC P.C.                    08 cv 5650 (SAS)

                             Plaintiffs                           ECF CASE

            -against-

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, AUTOONE INSURANCE COMPANY,
GENERAL ASSURANCE COMPANY, ONE BEACON
INSURANCE COMPANY, MCDONNELL & ADELS P.C.,
MELLI GUERIN & WALL P.C., KATTEN MUCHIN &
ROSENMAN LLP, ISEMAN CUNNINGHAM RIESTER &
HYDE LLP, NATIONAL INSURANCE CRIME BUREAU,
ERIC R. DINALLO SUPERINTENDENT OF INSURANCE
STATE OF NEW YORK and THE JOHN DOE INSURANCE
COMPANIES

                             Defendants
===================================

PLAINTIFFS'
MEMORANDUM OF LAW IN REPLY TO THE DEFENDANT'S OPPOSITION TO
THE PLAINTIFFS' MOTION TO REMAND

THE ZUPPA FIRM PLLC
Attorneys for Plaintiffs
53 Herbert Street
Brooklyn, New York 11222
(646) 750-2972

## PRELIMINARY STATEMENT

The Defendant's Opposition consists of authority that is directly contradictory to the Second Circuit's holdings regarding removal/remand under CAFA. In addition the Defendant provides another Redd Affidavit that according to the law should not be considered. Moreover, if the new Redd Affidavit is considered it should be considered worthless because it is the ultimate in conclusory. Further, the Defendant's Opposition contains a significant amount of misrepresentations. For example Page 9, Paragraph 2:

> Nevertheless, plaintiffs claim that even if the statements are true, the fact that State Farm denied more than $40,000,000 in No-Fault claims based upon information gathered by SIU investigators does not mean that it would cost State Farm more than $5,000,000 if those denials were declared null and void.

The Plaintiffs could not have made the above assertion because the "$40,000,000" was not thrown out there until the second Redd Affidavit attached to the Defendant's opposition. Most mortifying is the misrepresentation contained at the Second Paragraph of Page 14:

> Even if the similarity in the nature of the claims were relevant, **plaintiffs concede** (as they must) that the nature of the claims against, as well as the alleged conduct of and relief sought from State Farm go well beyond and dwarf the nature of their claims against the alleged conduct of and relief sought from Auto One and General Assurance.

The Plaintiffs asserted the polar opposite of the above. (Pg. 21-22, Plaintiffs' Memorandum). Plaintiffs stated: "Briefly the Complaint demonstrates that the AutoOne and General are each, standing alone, as significant a Defendant in terms of significant relief demanded and significant conduct as the sole removing Defendant State Farm."

## DEFENDANT HAS FAILED TO SUSTAIN ITS $5 MILLION BURDEN

The Defendant states that "the value of injunctive relief is assessed under the 'either party' rule and therefore incorporates the cost that would be incurred by defendants in complying

with injunctive relief." The Defendant further argues that based upon the legislative history courts have held that CAFA overrules the "Plaintiff Only Perspective" in calculating damages.[1]

The Defendant cites to foreign case law in support of the above arguments. Meanwhile the Second Circuit has spoken on these issues. Specifically the Second Circuit has expressly held in cases seeking declaratory and injunctive relief under CAFA that the amount in controversy is calculated according to the Plaintiff Only Perspective. DiTolla v. Doral Dental IPA of New York, LLC, 496 F.2d 271, 276-277 (2d Cir. 2006). *See, also* Am. Std., Inc. v. Oakfabco, Inc., 498 F. Supp. 2d 711, 718 (S.D.N.Y. 2007)

> Because the amount is measured from the plaintiff's perspective, **the value of the requested relief is the monetary value that would flow to the plaintiff if injunctive or declaratory relief were granted.** (Citations omitted)(Emphasis added)

The above highlighted portion of the quote succinctly defines the Plaintiff Only Perspective. The Defendant has made absolutely no showing as to what the monetary value flowing to the Plaintiff from the declaratory and injunctive relief sought in this Complaint might be.

Defendant's reliance on Yeroushalmi v. Blockbuster, Inc., 2005 U.S. Dist. LEXIS 39331 (C.D. Cal. 2005) is beyond the pale. The Second Circuit held that Yeroushalmi was overruled by Abrego Abrego v. Dow Chem, Co, 443 F.3d 676, 686 (9th Cir. 2006). Blockbuster, Inc. v. Michael Galeno, 472 F.3d 53, 55 (2d Cir 2006).

Furthermore the Defendant seeks to distinguish DiTolla's holding that the amount in controversy is calculated from the Plaintiff Only Perspective. Defendant states:

> [t]he court [Second Circuit] was not faced with the circumstances here – i.e. a request for declaratory and injunctive relief and the question whether the cost of compliance with such relief would satisfy the amount in controversy requirement.

---

[1] The Defendant's citation to Brook v. United Health Group Incorporated, 2007 U.S. Dist. LEXIS 73640 (S.D.N.Y. 2007) is inappropriate. The only issue in Brook was the local controversy exception. There was no issue regarding calculation of amount in controversy.

2

The Defendant is seriously confused. In <u>DiTolla</u> the Second Circuit expressly held that the Plaintiff Only Perspective specifically applied to cases seeking declaratory and injunctive relief. <u>DiTolla v. Doral Dental IPA of New York, LLC</u>, 496 F.2d at 276.

The Defendant further seeks to resurrect the legislative history of CAFA by attempting to use said legislative history in the context of perspectives not burdens. Defendant relies on S. Rep. No. 109-14 (Feb. 28, 2005). The Defendant argues that the legislative history regarding perspectives is "tethered to the text." The reason it is "tethered to the text" according to the Defendant is that CAFA's text calls for an aggregation of claims in assessing whether the amount in controversy is over $5 million. Frankly there is no logical connection between the Plaintiff Only Perspective and aggregation. All aggregation means is that you add up the monetary value that the Plaintiff gets from each defendant to ascertain the amount in controversy. It does not deal with perspectives in the least bit.

We know that the CAFA legislative history is of minimal interpretive value. *See* <u>Blockbuster, Inc. v. Galeno</u>, 472 F.3d 53, 58 (2d Cir. 2006); <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446, 448 (7th Cir 2005) Closer study has revealed that the legislative history relied upon by Defendant is even more infirm than demonstrated:

> There is no reason to believe that the Judiciary Committee report on CAFA played a role in shaping debate and consideration of the statute. In fact, the text of the report states that it did not. As Senator Patrick Leahy points out in his "Additional Views" in the report, the report was never circulated to the Senate before the enactment of CAFA:
>
>> The circulation and filing of this report occurred after passage of the legislation for Senate consideration of the underlying bill. Indeed, it was filed after the House of Representatives passed this legislation and on the same day that the President signed the measure into law. Committee reports, like Committee consideration of measures, are intended to assist the Senate in its consideration of the matter. Committees tend to have Members with expertise and experience that help shape legislation for Senate consideration. In this case, that did not occur ...

> ... That this report is being filed after Senate consideration means that it did not serve the principal purpose for which Committee reports are intended.

<u>Kitson v. Bank of Edwardsville</u>, 2006 WL 3392752 *11 (S.D. Ill. Nov. 22, 2006)(Citations omitted) With all due respect the CAFA legislative history appears to be bogus.

> [S]ubsequent legislative history may in fact be revisionist history, that is, "the work of those who could not get their thoughts into the text of the bill.

Id. at *12. (Citing to <u>Covalt v. Carey Canada Inc.</u>, 860 F.2d 1434, 1438 (7th Cir. 1998).

This brings us to the second Redd Affidavit. The Second Circuit generally evaluates "jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when the Defendant files the notice of removal." <u>Blockbuster, Inc.</u>, 472 F.3d at 56-57. (Citations omitted). "Analysis and information that is developed and alleged in the later briefing is not sufficient to show that the jurisdictional amount existed at the time of the notice of removal; rather, the amount must be affirmatively established on the face of the complaint or the Notice of Removal." <u>Apodaca v. Allstate Insurance Company</u>, 2007 LEXIS 39073 *7-8 (CO Dist. Ct. June 5, 2007)(Citation omitted) Defendants must establish the existence of federal jurisdiction in their initial notice of removal, not by later submissions of affidavits and transcripts. <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1214-1215 (11th Cir. 2007) Based upon the above the second Redd Affidavit should not be considered.

The Affidavit is conclusory in extremis. Ms. Redd states that she is a "Section Manager in the Special Investigative Unit ... and as such, I have personal knowledge ..." (Para. 1) This tells us nothing. Ms. Redd states: "State Farm has maintained records that enable me to report that from 2003 through June 2008, State Farm has issued denials arising out of investigations ... in a total sum exceeding $40 million." (Para. 3) Ms. Redd never describes these records. **Ms. Redd fails to state that she even reviewed said records.** Ms. Redd is relying on hearsay. You

cannot do that. "Generally, business records are not self-proving, and determinations of their admissibility often require testimony of qualified witnesses familiar with how the documents are created." Montes v. New York City Transit Authority, 46 A.D.3d 121 (1st Dep't. 2007). *See, also,* Cassano v. Hagstrom, 5 N.Y.2d 643 (1959); Hambsch v. New York City Transit Authority, 63 N.Y.2d 723 (1984); National States Electrical Corp v. LFO Construction Corp., 203 A.D.2d 49 (1st Dep't. 1994)(Use of document which contains figures taken from other documents not produced at trial was violation of best evidence rule); "The defendant must set forth facts supporting the assertion that the amount in controversy exceeds the statutory minimum ... in the form of 'summary judgment-type evidence.'" Tompkins v. Basic Research LL, 2008 WL 1808316 (E.D. CA April 22, 2008) The Defendant's citation to Moose v. Stant is nebulous. The case had nothing to do with the issue of hearsay reliance upon documents not in evidence. 2006 WL 1007611 (W.D. NY April 13, 2006)

Next Ms. Redd asserts that the amount of claims paid after denial can only be ascertained by a manual file review of each claim and this would be an "arduous task." Ms. Redd daunted by this "arduous task" does not even review one file. Ms. Redd simply concludes that "Of course, many denied claims are not ... paid." (Para. 4) Ms. Redd's "personal knowledge" is based upon "regular interaction" with State Farm employees and the "Of course." Ms. Redd did not offer up one concrete example from an actual file. Ms. Redd simply said "Of course."

Finally, at Page 9 the Defendant asserts that the Plaintiff's argument that a declaration that a denial is null and void would not result in payment by Defendant "misses the mark." Rather Defendant argues it is the amount in controversy that counts. This is argumentation by confusion. Simply put if a declaration costs you no money there is nothing in controversy. The cases that the Defendant cites do not stand for the Defendant's above proposition. Wise dealt

with an arbitration demand wherein the amount demanded determined the amount in controversy. 2007 WL 2200704 (S.D. NY 2007). <u>Pinson</u> determined the amount in controversy based upon the Plaintiff's 3.5 million dollar demand letter. 2007 WL 1771554 (S.D. NY 2007)

## **THIS CASE FALLS UNDER THE LOCAL CONTROVERSY EXCEPTION TO CAFA**

Under 28 U.S.C. Section 1332 (d) (4) (A) the only issue in controversy in the case at bar is whether there is at least one in state defendant from whom "significant relief" is sought.

As it stands the Complaint contains the fruits of an excellent investigation but it has its problems. It needs to be condensed. There are technical deficiencies. Moreover the Complaint lacks without the Department of Insurance. It will be amended.

The Plaintiff dismissed against the Department of Insurance without prejudice because they do not belong in Federal Court. The Department will be back and waiting. Given the above and the fact that the Second Circuit generally evaluates jurisdictional facts on the basis of the pleadings viewed at the time when the Defendant files the notice of removal. (<u>Blockbuster, Inc.</u>, 472 F.3d at 56-57) perhaps the Department should be considered currently present.

In any event if this Complaint asked for money based upon the factual averments – say under Breach of Contract – there would be no question that the local controversy exception would apply because the monetary relief against the New York Defendants would be very significant when compared to the entire amount of relief sought.

Addressing the Defendant's Opposition the undersigned has pointed out key misrepresentations of the Plaintiff's argument. Furthermore the undersigned has demonstrated that the Defendant's reliance on legislative history is incorrect. In the end the Defendant's argument comes down to a counting of paragraphs and page numbers which does nothing. Paragraphs in complaints, as a matter of law, self reference other paragraphs. Furthermore the

distinct allegations against State Farm that differ from those against General and AutoOne require longer particularized factual pleadings as they assert fraud based conduct. (CPLR Section 3016) Further it is obvious from the Complaint that regarding State Farm Plaintiffs obtained many facts prior to discovery and piled it on. Meanwhile the allegations against General and Auto One are extremely simple and require no heightened pleading standard. (CPLR 3016)

Moreover at page 13 the Defendant criticizes the Plaintiff's comparison of relief being sought against out-of-state Defendant State Farm visa-vi in-state Defendant General and AutoOne as not backed by authority. Defendant than engages in the same comparison between the relief sought by in-state and out-of-state defendants and cites to authority.

As to the burden of "establishing" an exception to CAFA the Second Circuit expressly refused to address the issue the only time that it came before it. Id at 58. However there are Circuits and various District Courts – including District Courts in this Circuit – that have held that it is the Plaintiff's burden of establishing an exception.[2] In any event the Plaintiff is the master of his complaint. Marcus v. Moss, 138 F.3d 46 (2nd Cir. 1998). And the Complaint seeks significant relief from the New York Defendants. (See *below* and Plaintiffs' initial papers).

Defendant in the Notice of Removal and Opposition concentrates on the relief seeking a declaration that State Farm's SIU based denials are null and void in arguing that the amount in controversy exceeds 5 million dollars. As pointed out the allegations that form the basis for this relief are the same as to General and Auto One separately. (Para. 9 & 11) (Paragraphs 413 through 437 recite essentially the same allegations that form the basis of the null and void declaration against General and AutoOne as is asserted against State Farm at Paragraphs 110-

---

[2] An "exception" does not mean that the federal court has jurisdiction that it chooses not to exercise. The "exception" means that there is no jurisdiction. As such logic dictates that the basic rule applies – Defendant has the burden of establishing jurisdiction visa-vi the exception.

140) Moreover the relief sought in the "Statement of Claims" section from General and AutoOne is exactly the same as that sought from State Farm. (Para. 613-615 for State Farm; Para. 676-677 – which refers to both General and Auto One)[3]

The claims and allegations against State Farm visa-vi General and AutoOne at some distant point do deviate. However, the allegations against AutoOne although more concise would seek far more significant relief in that the Plaintiffs allege that AutoOne is intentionally maintaining inadequate reserves so that said Defendant can escape paying claims – all claims SIU based or not – with a planned declaration of bankruptcy. (Para. 453-459) The Plaintiffs seek relief geared to stop this. (Para. 683-695; 704-706; 774-775) Note each claim for relief in the cited to Paragraphs refers to Auto One's inadequate reserve scheme.

Furthermore, the Plaintiffs seek relief based upon General and Auto One's litigation bad faith wherein each of the above entities force their respective claimants to take a case all the way through completion despite the fact that each company knows they have no justification for doing such. This pertains to all claims not just SIU related claims. (Para. 445-452) The Plaintiffs seek relief geared to stop this. (Para. 683-707; 741-747; 774-775)

The Defendant's assertions that the pleadings against General and Auto One are conclusory have absolutely no bearing on anything. This is a motion to remand. Moreover in the State of New York simple conclusory notice pleadings (CPLR 3013) which are liberally construed (CPLR 3026) are the standard unless you are pleading a CPLR 3016 type claim.

---

[3] Defendant argues that reference to General, Auto One and One Beacon as the "One Beacon Group" makes it impossible to understand what the Plaintiff seeks from the New York Defendants General and Auto One. The "One Beacon Group Defendants" reference is used as shorthand. Viewing the Complaint it is obvious that the allegations and relief sought against AutoOne and General are Defendant specific. Specifically the Complaint explains that the reason One Beacon itself is here is because One Beacon owns General and Auto One and employs their staff. (*See e.g.* Complaint at Para. 10 & 44-46)

8

When evaluating state pleadings in Federal Court state pleading standards control. Kuperstein v. Hoffman-La Roche, Inc., 457 F. Supp.2d 467, 471 (S.D. NY 2006) Like the vast majority of the Complaint there are no problems with the factual recitation section.

When comparing the relief sought against each of the in-state Defendants with State Farm the best place to look is the "Statement of Claims" section of the Complaint. Twenty separate claims are made against State Farm. Nineteen claims are made against General and AutoOne each. The 19 claims made against General and AutoOne are identical to 19 of the 20 claims made against State Farm. The one extra claim against State Farm deals with bribery. It merely seeks a declaration that the above occurred and seeks to funnel it into the relief sought against the Department of Insurance.

The Plaintiffs while not endorsing the case law cited to by the Defendant and certainly remaining highly critical of the CAFA legislative history has nevertheless met the burden enunciated by both. Specifically the bogus Senate Report used an example of in-state Plaintiffs suing an out-of-state car manufacturer and in-state dealers in a product liability case. The Senate Report intellectually referred to the car dealers as "small change." Robinson v. Cheetah Transportation, 2006 WL 468820 (W.D.La. Feb. 27, 2006). In the case at bar General and AutoOne are not small change. They are insurance companies from whom practically identical relief is sought as out-of-state Defendant State Farm and who have committed practically the same misconduct as State Farm; and, as pled, worse misconduct.

Evans v. Walter Industries, Inc. stands for the extreme proposition that the Plaintiffs' Complaint has absolutely no bearing on whether a Defendant is significant. 449 F.3d 1159 (11th Cir. 2006). In this Circuit the Plaintiff is the master of the Complaint. Marcus v. Moss, 138 F.3d at 52. If one were to follow Evans cases would have to be remanded deep into discovery or even

during testimony during a trial, e.g. a witness testifies as to some fact that demonstrates that an in-state Defendant is not "small change." In distinguishing Evans the Fifth Circuit held that Evans applied to cases involving "abstractly defined classes." Specifically Evans did not apply to cases involving "a localized chain of events." Preston v. Tenet HealthSystem Memorial Medical Center, Inc., 485 F.3d 804 (5th Cir. 2007)(Remanding under "local controversy" and "home state" exceptions) In the case at bar the class is not abstractly defined (Para. 1-2 & 4) and the case consists of "a localized chain of events." (*See* Complaint in general and Para. 1-36)

In a case very much on point with the case at bar a District Court remanded based upon the "local controversy" exception wherein the market share of an in-state insurance company was compared to the market share of Allstate and State Farm. Caruso v. Allstate Insurance Company, 469 F.Supp.2d 364 (E.D. LA. Jan. 8, 2007). Key to the Court's analysis was the definition of the word "significant" as compared to "primary" which word is used for the "home state exception." The Court held that "significant" meant "important" and "something more than "insignificant" and not "trivial." Id. at 369. The Court ultimately held that 7.5% of the market share was very significant. Id. The Plaintiffs would be in favor of General, AutoOne and State Farm disclosing their market shares for the relevant time period to help settle the issue if need be. *See, also,* Ivey v. Snapple Beverage Corp. 2008 WL 2915122 (C.D.Cal. July 25, 2008)(Plaintiffs sued out-of-state Snapple for false marketing; case remanded under "local controversy" exception based upon in-state residency of one Defendant beverage distributor – "strong presumption against removal")(Under this case Defendant McDonnell & Adels is "significant")

## CONCLUSION

The case should be remanded back to the Courts of the Sovereign State of New York and the Plaintiffs awarded fees and costs.

Dated: Brooklyn, New York
      August 29, 2008

_____
Raymond J. Zuppa Jr, Esq.
Attorney for the Plaintiffs
53 Herbert Street
Brooklyn, New York 11222